Xue v. Barr

BIA
Poczter, IJ
A201 188 080

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of November, two thousand twenty.

PRESENT:
    DEBRA ANN LIVINGSTON,
        *Chief Judge,*
    DENNY CHIN,
    SUSAN L. CARNEY,
        *Circuit Judges.*

_____

MEIQIN XUE,
    *Petitioner,*

v.                                          18-2629
                                            NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
    *Respondent.*

_____

FOR PETITIONER:          Ramesh Kumar Shrestha, New York, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant Attorney General; Brianne W. Cohen, Senior Litigation Counsel;

Andrea N. Gevas, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Meiqin Xue, a native and citizen of the People's Republic of China, seeks review of an August 9, 2018, decision of the BIA affirming an August 8, 2017, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Meiqin Xue,* No. A201 188 080 (B.I.A. Aug. 9, 2018), *aff'g* No. A201 188 080 (Immig. Ct. N.Y. City Aug. 8, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Xue was not credible as to her claim that police detained and beat her for practicing Christianity in an underground church in China or as to her practice of Christianity in the United States.

The agency reasonably relied on omissions in a letter

3

from Xue's mother.  *See Xiu Xia Lin*, 534 F.3d at 167 (affirming adverse credibility determination based, in part, on omissions from corroborating letters).  Xue testified that, in February 2017, police officers threatened to charge her mother with hiding a fugitive if Xue returned to China and her mother did not report her, destroyed objects in her parents' home, and kicked in the door.  But a March 2017 letter from Xue's mother lacked those details.  Although we have cautioned against placing too much weight on omissions from a corroborating letter, given that the purpose of the letter was to corroborate Xue's claims, including her fear of future harm and the letter was written shortly after the February 2017 incident, the omitted details were "ones the witness would reasonably have been expected to disclose." *Hong Fei Gao*, 891 F.3d at 78, 81.

The agency also reasonably relied on the inconsistent and incomplete medical documentation about the treatment Xue received after her release from police custody.  Xue testified that she received treatment from the Xigen Clinic and Dr. Huang's Clinic and that she submitted a medical record from the Xigen Clinic.  But the copy of the treatment record she submitted was from the Fuqing City Medical Institute, and

4

the entry for "Medical Institute of Treatment" was left blank. She did not compellingly explain these inconsistencies. *See Majidi v. Gonzalez*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotations omitted)).

Having questioned Xue's credibility as to past events stemming from her alleged practice of Christianity, the agency reasonably relied on her failure to corroborate her claim that she continued to consistently practice Christianity in the United States. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The IJ reasonably concluded that Xue had not provided adequate evidence to verify her claims of regular attendance at several churches in the United States, and the IJ was not compelled to credit her various explanations for this failure. *See Majidi*, 430 F.3d at 80. Further, the IJ also reasonably relied on the inconsistency

or lack of clarity in Xue's testimony about her church attendance while living in Florida. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Moreover, Xue failed to call her husband to testify to verify her church attendance in the United States. *See Yan Juan Chen v. Holder*, 658 F.3d 246, 253 (2d Cir. 2011). And the agency did not err in requiring such testimony without first providing notice and additional time to present it. *See Wei Sun v. Sessions*, 883 F.3d 23, 29 (2d Cir. 2018) (deferring to the BIA's determination that an IJ is not required "to identify the specific evidence necessary to meet the applicant's burden of proof and to provide an automatic continuance for the applicant to obtain that evidence prior to rendering a decision on the application").

The IJ was not required to make an express finding about Xue's demeanor before determining that she was not credible. A credibility assessment is based on "the totality of the circumstances," and an applicant's demeanor is just one factor that an IJ "*may* base a credibility determination on." 8 U.S.C. § 1158(b)(1)(B)(iii) (emphasis added). The IJ's credibility determination here was supported by the inconsistencies, omissions, and lack of corroboration

6

described above. Taken together, these inconsistencies, omissions, and lack of reliable corroboration provide substantial evidence for the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court